SMITH, EXECUTOR, ETC. *v.* VAN NORMAN

No. 40932          December 1, 1958          106 So. 2d 897

*Gordon & Gordon,* Liberty; *Clay B. Tucker,* Wood-
ville, for appellant.

528

*Roach & Jones,* McComb; *T. F. Badon,* Liberty, for appellee.

HALL, J.

This suit was brought by the executor of the Estate of Mamie T. Van Norman, deceased, for the benefit of her devisees under a last will and testament executed by her on August 15, 1955, wherein Tom Smith was duly appointed to execute the will.

W. L. Van Norman, the husband of Mrs. Mamie T. Van Norman, died July 23, 1955, after which the above mentioned will was duly executed by Mrs. Mamie T. Van

Norman, and she subsequently died on September 24, 1955.

W. L. Van Norman had a life insurance policy with the New York Life Insurance Company in which his wife was named as beneficiary. After his death H. L. Van Norman, who was a brother of the deceased W. L. Van Norman, obtained a proof of death and had the same filled in by an insurance agent in Liberty, Mississippi. The same purports to have been signed by Mamie T. Van Norman on August 12, 1955, and it was mailed on or after that date to the New York Life Insurance Company and was evidently forwarded by the home office to its Jackson, Mississippi, Branch, where it was received on September 2, 1955, after which on September 8, 1955, the Jackson Branch office issued a check of the Company for $1,031.71 to Mamie T. Van Norman. This check was purportedly endorsed by Mamie T. Van Norman and was paid on September 14, 1955. It was deposited in First Federal Savings & Loan Association of McComb, Mississippi, under a joint control agreement to the account of H. L. Van Norman and Mrs. Mamie T. Van Norman, and the usual joint control agreement was signed by H. L. Van Norman and was purportedly signed by Mrs. Mamie T. Van Norman on September 12, 1955, after which the First Federal Savings & Loan Association sent the check in for collection.

The executor by this suit seeks to recover from H. L. Van Norman the proceeds of said check of the New York Life Insurance Company on the ground that H. L. Van Norman, after the death of Mrs. Mamie T. Van Norman, transferred the purported joint savings account to himself and later withdrew it, and on the further ground that neither the proof of death nor the endorsement on the check in settlement of the policy nor signature on the joint control agreement was the genuine signature of Mrs. Mamie T. Van Norman and that she in fact did not sign the same.

Three handwriting experts testified in this case. Two of them were introduced by the appellant and they said definitely that in their opinion none of the signatures in question were the genuine signature of Mrs. Mamie T. Van Norman. The other handwriting expert testified that he had finally reached the conclusion that the same person signed the proof of death and the joint control agreement as the person who executed the known signatures of Mrs. Mamie Van Norman, but he was unable to reach any positive opinion as to the signature on the check.

Mrs. H. L. Van Norman, the wife of appellee, testified that she was present on each occasion when Mamie is alleged to have signed the proof of death, the endorsement on the check and the joint control agreement.

The complainant made a motion for a special finding of facts and law in this case and the chancellor found as a fact that the signature of Mrs. Mamie T. Van Norman on the check of the New York Life Insurance Company, as endorser, and the signature appearing on the signature card of the joint savings account in the First Federal Savings & Loan Association were different from the known genuine signatures of Mrs. Mamie T. Van Norman but then he made an additional finding that due to the direct and positive testimony of Mrs. H. L. Van Norman who said that she was present when the deceased endorsed the insurance check, he would dismiss the bill of complaint and find for the defendant, which he accordingly did in his final decree.

We unhesitatingly say that if we were passing on this proposition as an original finding, we would have found differently, but that is not the situation which confronts us. We are not passing upon this case originally but are to determine whether or not the decree of the chancellor is manifestly wrong and whether it is supported by substantial evidence. After a full consideration we have reached the conclusion that there was

evidence which the chancellor believed and on which he based his finding, and we are unable to say that he was manifestly wrong. Consequently the decree appealed from must be affirmed.

The appellant argues that the transfer of the money in the First Federal Savings & Loan Association was a gift *inter vivos* or *causa mortis,* but we do not think there is any merit in this argument for the reason that the money was in the Savings & Loan Association from the date of its deposit until the date of death of Mrs. Mamie Van Norman and during that entire period of time she had the right under the joint control agreement to withdraw every penny of it. Hence it was not a gift.

The decree of the lower court must therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.